THE ÆTNA LIFE INSURANCE COMPANY, *Appellant*, v.
THE S. H. & S. MINING COMPANY, *Appellee*.

No. 17,097.

SYLLABUS BY THE COURT.

PLEADINGS — *Answer—Immaterial Allegations—Prejudicial Error*. In an action by the appellant to recover premiums upon an insurance policy written for one year the appellee pleaded a preliminary verbal agreement for such insurance for six months only, for which it had paid the premiums in full. The answer contained allegations that the appellee, believing that the policy had expired, took out other insurance upon which it had received indemnity for losses occurring during the last six months of the year, for which the appellant would have been liable if its policy had been in force during that period. It is *held* that these allegations should have been stricken out on motion and that evidence admitted to prove them was prejudicial.

Appeal from Cherokee district court. Opinion filed May 6, 1911. Reversed.

*S. C. Westcott*, for the appellant.

*Al. F. Williams*, and *C. A. McNeill*, for the appellee.

The opinion of the court was delivered by

BENSON, J.: A policy of insurance was written to indemnify the appellee against loss "for damages on account of bodily injuries" suffered by its employees in its mining operations for one year from the date of the policy. The premium had been paid for six months of that time and this action was to recover the remainder, the period having expired.

The appellee pleaded a previous parol agreement with the appellant's agent for a policy of insurance for six months only, and payment of the premium in full. It admitted that the appellant received and held the policy, a copy of which was attached to the petition, and averred that relying upon the verbal agreement it

had paid the premium for six months, and that it was not further liable. The answer alleged that after the end of the first six-months period, believing that the policy sued upon had expired, the appellee took out other insurance, upon which it had received indemnity for losses accruing afterward, for which the appellant would have been liable had its policy been in effect for the year, and that the appellant did not pay any part thereof, although it had knowledge of accidents occurring at the mine. A motion was made to strike out these allegations as contained in the third, fourth and fifth paragraphs of the answer, which was denied. Evidence was admitted in support of these allegations, tending to prove that other insurance had been taken out as alleged; that accidents had occurred whereby injuries were suffered by employees at the mine after the expiration of six months from the date of the policy sued upon, and that no payment had been made therefor by the appellant.

If the appellee insured with the appellant for one year it could not avoid liability for premiums by taking out other insurance covering a part of the same period. The fact that the appellant did not pay losses is immaterial and should have been stricken out, for there was no allegation or evidence that notice of any accidents or losses had been given and no breach of the contract was claimed. The fact that the appellee took out other insurance—whether it received indemnity thereon or not—is also an immaterial matter which should have been eliminated from the answer, and upon which evidence should not have been received. The evidence in support of these immaterial allegations was prejudicial, for the jury would naturally infer that, being admitted in support of express allegations of the answer, it tended to prove a defense.

The answer was not challenged except by the motion above referred to, and another motion to make more definite which was allowed. Nothing further is found

in the abstract or in the assignment of errors requiring comment.

The judgment is reversed with directions to allow the motion to strike out parts of the answer and to grant a new trial.